Order Form (01/2005)

MA

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3887 | **DATE** | JUN 27 2013 |
| **CASE TITLE** | Johnnie Turner (M-07104) v. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [7] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $2.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. However, summonses shall not issue. The Court dismisses the amended complaint [6] on file without prejudice. Plaintiff must submit a second amended complaint (plus a judge's copy and service copies) within 30 days of this order. The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed.

■[For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff, Johnnie Turner, a prisoner at the Dixon Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2013, Plaintiff's motion for leave to proceed *in forma pauperis* was denied because it was incomplete and his complaint was dismissed for failure to state a claim. Plaintiff has resubmitted a motion for leave to proceed *in forma pauperis* and an amended complaint.

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.00. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and the Dixon Correctional Center trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that plaintiff is transferred to another facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff's statement of his claim in the amended complaint merely copies most of the Court's June 6, 2013, order. The amended complaint does not state a claim, merely reciting the Court's previous order does not address the failure of Plaintiff to state a claim consistent with Federal Rule of Civil Procedure 8(a)(2) nor the apparent lack of a constitutional violation based on the adverse drug reaction (as discussed in the Court's previous order).

Accordingly, the Court dismisses the amended complaint on file without prejudice. Plaintiff must submit a second amended complaint on the Court's required form (if any claim actually exists). To state a claim for violation of his constitutional right, as previously instructed, Plaintiff must allege in good faith (honestly) that the physician or other medical treater was deliberately indifferent to his serious medical need. **If his claim is for negligence based on the treater's mistake or mistaken judgment, Plaintiff does not state a claim for violation of his constitutional rights. Thus, Plaintiff must allege specific facts as to why he believes his medical treater was deliberately**

| STATEMENT |
|---|
| **indifferent to his serious medical need. A bare allegation of deliberate indifference is insufficient without supporting facts.**<br>    Plaintiff must sign the attached amended complaint and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.<br>    Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the earlier complaints. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.<br>    If Plaintiff fails to comply with this order within 30 days, the case will be summarily dismissed. |